### FRAUD IN THE SALE OF OIL STOCK.

Circuit Court of Mahoning County.

JOHN J. HAMILTON v. WILLIAM M. CARR ET AL.

Decided, March 31, 1911.

*False Representations in Sale of Stock—Laches.*

A sale of oil stock under the false representation that it was treasury stock and that other named stockholders had paid par for their stock, will not be rescinded where the buyer waits six months after learning the truth about the stock and until a well is drilled which turns out to be a dry hole.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an appeal of an action for the rescission of a fraudulent sale of certain shares of stock in an Arizona oil company operating in Illinois. Without rehearsing the facts in detail, we are convinced that the sale was consummated by and through the false and fraudulent representations of Carr to Hamilton that the stock was treasury stock, offered for sale in order to finance the company by payment of the purchase price into the treasury of said company, and that other named stockholders to whom Carr had sold stock were paying or had paid therefor dollar for dollar the same as Hamilton. In truth the stock was owned, not by the company but by Carr and his associates; the proceeds of this and other sales went not into the treasury of the company, but into the pockets of Carr and his associates; and some of the other purchasers of stock so named by Carr to Hamilton had not paid and were not to pay for their stock at all, but had received it as a gift.

Some months before this suit was brought a directors' meeting was held, which Hamilton attended. Carr and his associates testify that at that meeting the minutes contained in the company's record book were read in full in Hamilton's hearing. These minutes disclose the facts. Hamilton swears he did not hear them read. Two witnesses, not hostile to Hamilton, testify that they were present and that they can not swear that the

minutes were not read in Hamilton's presence. One of them says that much was read from the minute book but he can not tell what it was. On the whole we find that the preponderance of the evidence is in favor of the defendants on this point. Carr and his associates testify that the minutes were so read; Hamilton is the only man that denies it. The other two witnesses' testimony is not decisive, but on the whole we find that the minutes were read in Hamilton's presence.

Hamilton is a lawyer of some experience in reference to such corporations. He had $5,000 invested in this enterprise. He then had abundant opportunity and incentive to learn just how this corporation was being financed, but he waited six months until a well was drilled and found to be a dry hole, before he sought to rescind. He speculated and lost. We hold that his laches was such as to bar the equity which he invokes.